# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Blanche M. Manning | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 CV 4824 | **DATE** | August 10, 2012 |
| **CASE TITLE** | *Flowers v. Patrick Donahoe* | | |

**DOCKET ENTRY TEXT**

Defendant Patrick Donahoe's motion to dismiss [18-1] is granted, and plaintiff Ann Flowers' complaint is dismissed with prejudice. The clerk is directed to enter judgment in favor of the defendant, and to terminate this case from the court's docket.

■ [ For further details see text below.]

Docketing to mail notices.

00:00

### STATEMENT

*Pro se* plaintiff Ann Flowers has sued her former employer, Postmaster General Patrick Donahoe ("the Postal Service"), for discrimination. The Postal Service has filed a motion to either dismiss Ms. Flowers' complaint, or for summary judgment. For the reasons that follow, the motion to dismiss is granted and the complaint is dismissed with prejudice.

### BACKGROUND

The court will construe Ms. Flowers' pleadings broadly as she is proceeding *pro se*. Thus, the following facts are taken from the allegations of *pro se* complaint, and are viewed in light of additional allegations set out in Ms. Flowers' other court filings in this case. In addition, the court takes judicial notice of opinions issued by other courts which also addressed Ms. Flowers' dispute with the Postal Service. *See Flowers v. Merit Sys. Prot. Bd.,* 197 Fed. Appx. 937, 939 (Fed. Cir. 2006); *Flowers v. Potter*, Case No. 08 CV 552, 2011 WL 679909 (N.D. Ill. Feb. 14, 2011). Ms. Flowers began working for the Postal Service in 1970. According to Flowers, in October 1994, she suffered a work-related injury and began receiving workers' compensation benefits. In 1995, her doctor authorized her to return to work, and in 1996 Flowers requested reinstatement. The Postal Service offered to reinstate her, but when she reported to work, she refused to sign a release of her confidential medical records. Ms. Flowers was told to leave the postal facility and to not return. Flowers filed an internal grievance, but the Postal Service rejected it.

Despite the fact that Ms. Flowers had been cleared to return to work, the Postal Service continued paying her workers' compensation benefits until December 2002, at which time she was placed on involuntary disability retirement. After the compensation benefits ceased, in September 2003 Flowers again requested reinstatement, but was told that there were no openings. However, in 2004, Flowers contends that she learned that the Postal Service had hired male employees rather than offer to reinstate her. She filed an internal grievance to contest the Postal Service's decision to hire male employees rather than to reinstate her, but it was rejected. She also appealed the decision not to reinstate her to the Merit System Protection Board,

**STATEMENT**

but it found that she was ineligible for reinstatement because she failed to apply for reinstatement within 30 days of the discontinuance of her compensation benefits as required by the applicable regulations. The Merit System Protection Board was affirmed by the Federal Circuit Court of Appeals, which agreed that Ms. Flowers' request for reinstatement was untimely.

According to Flowers, in 2007 she learned that the Postal Service had hired even more male employees rather than reinstate her. After exhausting her administrative remedies, she filed suit before a different judge in this district alleging that the Postal Service's failure to reinstate her amounted to discrimination based on her race, disability, sex, and age and in retaliation for earlier complaints of discrimination. *See* Case No. 08 CV 552 (N.D. Ill.). The defendant was granted summary judgment on the basis that Ms. Flowers had failed to establish a *prima facie* case of discrimination or retaliation. Specifically, the court found that for two reasons she had failed to establish that she was qualified for reinstatement, a necessary element of a *prima facie* case of discrimination: (1) Ms. Flowers failed to apply for reinstatement within 30 days of the termination of her benefits, and (2) she had not taken the examination required for the position she sought. *See* Memorandum & Order dated February 14, 2011 (Docket #82) in Case No. 08 CV 552. It also found that her failure to establish that she was qualified for reinstatement doomed her retaliation claim. Flowers appealed, but later filed a motion for voluntary dismissal, which the Seventh Circuit granted.

Flowers then filed the instant suit[1]. In it, she alleges that the Postal Service terminated her based on her color, race, sex, and in retaliation for asserting her rights not to be subjected to unlawful discrimination. In her complaint, she alleges that the discriminatory conduct occurred on February 18, 2011. However, on the internal grievance she filed with the Postal Service (which she attached as an exhibit to her complaint), she identified the dates of discrimination as being "1996 & 2003."

Before the court is the defendant's motion to dismiss or, in the alternative, motion for summary judgment. The defendant seeks dismissal on the basis that Flowers' claims are barred by the doctrine of *res judicata*. Because the court can resolve the defendant's motion based on the allegations of the complaint and through judicial notice of the record in Case No. 08 CV 552, the court shall decide the motion as one to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Brown v. Chrysler Fin. Servs.*, No. 05 C 1117, 2006 WL 850881, at *3 (N.D. Ill. Mar.24, 2006) ("Because the basis for dismissal is *res judicata*, this Court may take judicial notice of pleadings and orders in the previous litigation . . . ."); *see also Pugh v. Tribune Co.*, 521 F.3d 686, 691, n.2 (7th Cir. 2008) (court may take notice of publicly available information on a motion to dismiss without converting it into a motion for summary judgment).

**ANALYSIS**

A complaint need only contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Seventh Circuit explained that this "[r]ule reflects a liberal notice pleading regime, which is intended to focus litigation on the merits of a claim rather than on technicalities that might keep plaintiffs out of court." *Brooks v. Ross*, 578 F.3d 574, 580 (7th Cir. 2009) (internal quotations omitted).

However, a complaint must contain "enough facts to state a claim to relief that is plausible on its face" and also must state sufficient facts to raise a plaintiff's right to relief above the speculative level. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007). In *Ashcroft v. Iqbal*, the Supreme Court stated that a claim has facial plausibility "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). The court construes Ms. Flowers' *pro se* complaint liberally. *See Maddox v. Love*, 655 F.3d 709, 718 (7th Cir.

**STATEMENT**

2011)

The defendant contends that Ms. Flowers cannot state a claim for relief because she has merely re-alleged claims previously decided in Case No. 08 CV 552 and, therefore, her claims are barred under the doctrine of *res judicata*. Under the doctrine of *res judicata*, parties may not undermine a final judgment previously rendered on the merits by attempting to relitigate claims already resolved. *See Palka v. City of Chicago*, 662 F.3d 428, 437 (7th Cir. 2011). The doctrine has three elements: (1) an identity of parties; (2) a final judgment on the merits; and (3) an identity of the cause of action (as determined by comparing the suits' operative facts). *Id. Res judicata* bars both the claims already litigated, as well as those that could have been litigated but were not. *Id.*

Ms. Flowers has not challenged that the first two elements have been satisfied, an identity of parties and a final judgment on the merits. But she does take issue with the final element, an identity of the cause of action. Specifically, Ms. Flowers contends in her response brief that the "issues brought forth within claim 11 C 4842; pertaining to plaintiff's being fired has not been heard by any court." Response [28-1].

A claim has "identity" with a previously litigated matter when it "arise[s] out of the same set of operative facts or the same transaction." *Matrix IV, Inc. v. American Nat. Bank and Trust Co. of Chicago,* 649 F.3d 539, 547 (7th Cir. 2011). Put another way, "[a] claim is deemed to have 'identity' with a previously litigated matter if it is based on the same, or nearly the same, factual allegations arising from the same transaction or occurrence." *Kratville v. Runyon*, 90 F.3d 195, 198 (7th Cir. 1996). A party must, therefore, bring all of her claims arising from a single transaction in one suit or lose those claims forever. *See id*.

The operative facts that Ms. Flowers has identified in this lawsuit are the same as those at issue in 08 CV 552: Ms. Flowers was employed by the Postal Service, became disabled and began collecting workers' compensation benefits in October 1994, asked to be reinstated in 1996 but rejected the position offered because she did not want to sign a release regarding her medical records, continued collecting workers' compensation benefits through December 2002, at which time she was placed on involuntary disability retirement which amounted to a constructive termination, and that her requests for reinstatement were denied even though the Postal Service had hired employees outside her protected class to fill those positions. Indeed, Ms. Flowers herself has highlighted the similarity between the operative facts of each case by filing a reworked version of her first amended complaint from 08 CV 552 as a brief in opposition to the motion to dismiss. *Compare* 11 CV 4842 Docket #33 ("Plaintff Reply to Defendant's Motion to Dismiss or Alternatively for a Summary Judgment) *with* 08 CV 552 Docket #49 ("First Amended Complaint"). Thus, the focus of each case is the Postal Service's alleged decision to hire others outside her protected class rather than to reinstate her.

Ms. Flowers attempts to distinguish the core facts at issue in her present lawsuit from the issues resolved in her prior suit by alleging that on February 18, 2011, she discovered for the first time that she had been terminated in 2003. *See* Complaint [1-1] at 4 and Attachment B at 1; *see also* Response [28-1] at 4 ("I did not know I was fired from the USPS until Mr. Earnest Y. Ling told Judge Kennelly in writing about my termination in 2003."). The issue of when she first learned of her termination is a red herring because the core of her claim in the present case, as it was in her prior suit, focuses on the Postal Service's reasons for failing to reinstate her, not its reasons for terminating her. Ms. Flowers knew at least by the time she initiated suit in 2008 of the basis of her claim that the Postal Service's failure to reinstate her was discriminatory and/or retaliatory. Her new allegation that she learned only in 2011 that she had been terminated in 2003 is irrelevant (not to mention at odds with all of her other allegations and assertions).

**STATEMENT**

Because the only distinguishing element of her present suit is irrelevant, the core operative facts of both the present claim and the claim presented in 08 CV 552 are the same. As a result of that identity of claims, combined with the identity of the parties and the final judgment issued in 08 CV 552, Ms. Flowers' claim is barred under the doctrine of *res judicata*. Accordingly, the motion to dismiss is granted, and Ms. Flowers' complaint is dismissed with prejudice.

rs/cpb

1. Ms. Flowers alleges that she filed a charge of discrimination with the EEOC and received a right-to-sue letter on May 19, 2011. She has not attached those documents to her complaint, but the defendant has not raised any issue about the scope of her EEOC charge or the timeliness of her suit. Accordingly, the court will not address the issue further.